IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MIGUEL NEIL,

    Petitioner,

  v.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:18-CV-1721
JUDGE JAMES L. GRAHAM
Chief Magistrate Elizabeth P. Deavers

## OPINION AND ORDER

Petitioner, a state prisoner, brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. This matter is before the Court for consideration of Petitioner's Motion for Stay-And-Abeyance and Protective Petition. (ECF No. 2.) For the reasons that follow, the Motion for Stay-And-Abeyance and Protective Petition (ECF No. 2) is **DENIED**.

### I.

Petitioner challenges his October 31, 2014, convictions after a jury trial in the Franklin County Court of Common Pleas on 30 counts of robbery and 6 counts of kidnapping. On June 30, 2016, the appellate court affirmed the judgment of the trial court. *State v. Neil*, 10th Dist. Nos. 14AP-981, 15AP-594, 2016 WL 3574549, at *1-10 (Ohio Ct. App. June 30, 2016). On January 25, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Neil*, 147 Ohio St.3d 1506 (Ohio 2017). On October 2, 2017, the United States Supreme Court denied the petition for a writ of *certiorari. Neil v. Ohio*, 138 S.Ct. 124 (2017). On February 3, 2016, Petitioner filed a petition for post conviction relief in the state trial court. On October 31, 2016, the trial court denied that action as untimely. On June 25, 2019, the appellate court affirmed the judgment of the trial court. *State v. Neil*, 10th Dist. Nos. 18AP-609, 18AP-610,

2019 WL 2602564 (Ohio Ct. App. June 25, 2019). Petitioner apparently did not file an appeal. Additionally, Petitioner indicates that, on September 27, 2016, he filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). (*Petition,* ECF No. 6.) On February 2, 2017, the appellate court denied Petitioner's Rule 26(B) application. Petitioner states that the Clerk of the Franklin County Court failed to notify him of the appellate court's decision. Therefore, on August 31, 2017, he filed a "Rule 60(B) Motion to Vacate and Reissue the Court's January 2, 2017 Judgment Entry" so that he pursue an appeal to the Ohio Supreme Court. (*Motion for Stay-And-Abeyance and Protective Petition*, ECF No. 2, PAGEID # 9.) However, on September 6, 2017, the appellate court issued an order sua sponte striking Petitioner's motion as improper. (ECF No. 2, PAGEID # 11.) On September 25, 2017, Petitioner attempted to file an appeal with the Ohio Supreme Court. On December 20, 2017, the Ohio Supreme Court denied that request. On February 28, 2018, the Ohio Supreme Court denied Petitioner's application for reconsideration. (ECF No. 2, PAGEID # 12.) Thereafter, on August 1, 2018, Petitioner filed a second post conviction petition in the state trial court, asserting that his convictions violate the Fourth Amendment, that he was denied a fair trial based on the prosecution's knowing submission of false testimony, that he was denied the effective assistance of counsel, and that he was denied a fair trial based on cumulative error. (*See Petition*, ECF No. 6, PAGEID # 33.) According to the Petitioner, on December 7, 2018, the trial court denied that action. (*Id.*) Petitioner states that he filed a timely appeal, which action remains pending in the state trial court. Petitioner seeks a stay of proceedings pending resolution of those proceedings. He states that, on February 15, 2019, he filed a timely appeal with the Ohio Tenth District Court of Appeals, which action remains pending. (*Id.*)

On March 7, 2019, Petitioner filed this pro se habeas corpus Petition. He asserts the following claims for relief:

1. The trial court erred when it joined the two indictments for trial when the joinder was extremely prejudicial to the defendant and the State was unable to establish that the evidence of the one offense would have been admissible to show a modus operandi indicative of a behavioral fingerprint or unique, signature-like manner of committing the other offenses.

2. The defendant was deprived of his right to a fair trial and due process of law when police officers were allowed to indicate their beliefs that the images of the suspect or suspects in the other robberies were that of the defendant and that they were certain that all the offenses were committed by the same defendant and by the introduction of inadmissible community and victim impact evidence.

3. The defendant did not receive effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I, of the Ohio Constitution when counsel failed to object to improper police officer opinions of the defendant's guilt, prejudicial and irrelevant victim impact evidence, and failed to have a record made of the joinder hearing.

4. The trial court erred when it instructed the jury, over the defendant's objection, that they could consider the acts of the defendant in one instance to prove identity in the other incidents.

5. The trial court erred when it entered judgment against the defendant when the evidence was insufficient to sustain the convictions.

6. The trial court erred when it entered judgment against the defendant against the manifest weight of the evidence.

7. Ineffective assistance of appellate counsel in his failure to raise ineffective assistance of trial counsel in denial of his right to present exculpatory identification evidence in his favor after cross-examination of a witness, nor during closing arguments.

8. Ineffective assistance of appellate counsel for failure to raise ineffective assistance of trial counsel in denial of his right to present exculpatory evidence from the 2013 robberies, the unique clothing and glove differences, and the trial court's abuse of discretion for not examining and admitting evidence in his favor at trial previously submitted and accepted at the suppression hearing by the same judge.

9. Ineffective assistance of appellate counsel in his failure to raise that the court violated defendant's right to "defend in person and with counsel" and "must be physically present at every stage of the criminal proceeding," pursuant to Crim.R.

3

43 as guaranteed in all felony cases under Article I, Section 10 of the Ohio Constitution, in an assignment of error.

10. The trial court erred by not addressing the first search warrant and allowing testimony of information not within the four corners of the affidavit nor made part of the record during issuance to rehabilitate the lack of veracity and basis of knowledge upon which the affiant based his subjective beliefs, which do not support probable cause nor a good faith reliance. The trial court abused its discretion giving weight to the extraneous testimony and counsel was ineffective under Strickland for not objecting to such testimony.

11. The trial court erred by refusing to acknowledge and address that Detective Todd Cress knowingly and intentionally, with reckless disregard for the truth, did not inform the second judge, nor referenced his intent to reuse and incorporate the uncorroborated information from the fruitless January affidavit with appropriate words of incorporation, at all. Knowing uncorroborated information does not support probable cause. Thus, it cannot legally be part of the November 9th, 2012 affidavit and must be excised.

12. The January Affidavit, illegally incorporated under false pretenses, without informing the judge, and the misleading and falsified statement of Troy Huff, should then be excised or set aside with the affidavit's material set to one side, the affidavit's remaining content is insufficient to establish probable cause for the warrant to issue, and the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit. . . .

13. The trial court erred by not finding that the misleading "new indicia" provided by witness Troy Huff was falsified by Detective Todd Cress in bad faith having the signed hand written statements in possession. The trial court's application of the good faith exception under these circumstances resulted as in 28 U.S.C. §2254, "a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the United States, and a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding," permitting a false statement to justify it.

14. Counsel was ineffective assistance [sic] in violation of the Sixth Amendment. . . for failing to raise [] Fourth Amendment violations.

Petitioner states that he will later seek to amend the Petition to include additional claims upon exhaustion of state court remedies.

**II.**

4

Petitioner seeks a stay of proceedings pending resolution of his second post conviction petition. He states that he will later seek to amend the Petition to include additional unexhausted claims currently pending in the state appellate court.

A state prisoner must exhaust his available remedies in the state courts before a federal habeas court may grant relief. *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, the claim is not exhausted. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A habeas petitioner bears the burden of demonstrating exhaustion of the available state court remedies with respect to the claims presented for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987). Where the one-year statute of limitations provided for under 28 U.S.C. § 2244(d) will likely bar a petitioner from re-filing his habeas corpus petition after exhaustion of state court remedies, the Court has the discretion to stay a "mixed petition," containing both exhausted and unexhausted claims pending exhaustion of his claims in the state courts. *Rhines v. Weber*, 544 U.S. 269 (2005). However, stay and abeyance should be available only in limited circumstances.

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State") . . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his

5

failure to exhaust, his unexhausted claims are potentially meritorious, and there is
no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id*. at 277-78. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings." *Id*. at 277.

**III.**

Although Petitioner indicates that he intends to file a motion to amend the petition to include additional claims now pending in the state appellate court, at this point in time, this action does not appear to be unexhausted. Further, the record does not reflect that Petitioner has any potentially meritorious unexhausted claims to include. The state trial court apparently already has denied Petitioner's post conviction petition. While this Court cannot now determine the basis for that decision, it seems unlikely that Petitioner can meet the stringent requirements for consideration of his claims in a second or successive state post conviction petition. See O.R.C. § 2953.23.[1] *See White v. Warden, Ross Corr. Inst.,* No. 2:17-CV-325, 2018 WL 334388,

---

[1] (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing

at * (S.D. Ohio Jan. 8, 2018) (declining to grant stay under these circumstances). "[A] stay of proceedings would not be warranted for Petitioner to pursue a motion that has little likelihood of success." *Id*. (citations omitted). Further, to the extent that Petitioner indicates he intends to raise a claim under the Supreme Court's decision in *Carpenter v. United States*, -- U.S. --, 138 S.Ct. 2206 (2018)[2] (ECF No. 2, PAGEID # 14), claims under the Fourth Amendment do not ordinarily provide a basis for federal habeas corpus relief. *See Moore v. Warden, Noble Corr. Inst*., No. 2:18-cv-379, 2018 WL 5266795, at *3 (S.D. Ohio Oct. 23, 2018) (citing *Stone v. Powell,* 428 U.S. 465, 482 (1976); *Riley v. Gray,* 674 F.2d 522, 526 (6th Cir. 1982)).

---

hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

As used in this division, "actual innocence" has the same meaning as in division (A)(1)(b) of section 2953.21 of the Revised Code, and "former section 2953.82 of the Revised Code" has the same meaning as in division (A)(1)(c) of section 2953.21 of the Revised Code.

[2] In *Carpenter*, the Supreme Court held that the government's acquisition of a defendant's cell-site location information is a search for purposes of the Fourth Amendment that generally requires a warrant. *See Thompson v. Nagy*, No. 18-1747, 2018 WL 8731470, at *3 (6th Cir. Nov. 20, 2018) (citing *Carpenter*, -- U.S. --, --, 138 S.Ct. at 2220-21).

Therefore, Petitioner's Motion for Stay-And-Abeyance and Protective Petition (ECF No. 2) is **DENIED.**

**IT IS SO ORDERED.**

                                           s/ *Elizabeth A. Preston Deavers*
                                           ELIZABETH A. PRESTON DEAVERS
                                           CHIEF UNITED STATES MAGISTRATE JUDGE