# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MIGUEL NEIL,**

      **Petitioner,**

      **v.**

**WARDEN, NOBLE**
**CORRECTIONAL INSTITUTION,**

      **Respondent.**

**CASE NO. 2:18-CV-1721**
**JUDGE JAMES L. GRAHAM**
**Chief Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

On January 30, 2020, the Magistrate Judge issued an Order and Report and Recommendation granting Petitioner's unopposed Motions for Leave to Supplement the Record and Traverse Brief and recommending that this action be dismissed.  (ECF No. 32.)  Petitioner has filed an Objection to the Magistrate Judge's Order and Report and Recommendation.  (ECF No. 35.)  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review.  For the reasons that follow, Petitioner's Objection (ECF No. 35) is **OVERRULED.**

Petitioner has filed a motion for leave to supplement his objection.  The supplemental objection is untimely, and the motion for leave to supplement (ECF No. 37) is **DENIED.**  The court notes that even if these additional arguments are considered, nothing in them would change the court's disposition of this case.

The Order and Report and Recommendation (ECF No. 32) is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED**.  Petitioner's Motions for Leave to Supplement the Record and Traverse Brief (ECF Nos. 30, 31) are **GRANTED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his October 31, 2014, convictions after a jury trial in the Franklin County Court of Common Pleas on 30 counts of robbery and 6 counts of kidnapping. The trial court imposed an aggregate term of 42 years imprisonment. The Ohio Tenth District Court of Appeals affirmed the trial court's judgment, and the Ohio Supreme Court declined to accept jurisdiction of the appeal. Petitioner also unsuccessfully pursued state collateral relief. Petitioner now raises twenty claims for relief. Specifically, he asserts that the trial court improperly joined charges for trial (claim one); that police improperly testified that they believed that the same perpetrator, *i.e.*, the Petitioner, had committed all of the crimes charged and introduced inadmissible community and victim impact evidence (claim two); that he was denied the effective assistance of trial counsel (claims three, fourteen, fifteen, nineteen); that the trial court issued improper jury instructions (claim four); that the evidence is constitutionally insufficient to sustain his convictions and his convictions are against the manifest weight of the evidence (claims five and six); that he was denied the effective assistance of appellate counsel (claims seven, eight and nine); that his convictions violate the Fourth Amendment (claims ten through thirteen and seventeen); that he was denied a fair trial based on cumulative error (claims sixteen and twenty); and that he was denied a fair trial based on prosecutorial misconduct (claim eighteen). The Magistrate Judge recommended dismissal of these claims as procedurally defaulted or otherwise failing to provide a basis for relief. Petitioner objects to the recommendations of the Magistrate Judge.

Petitioner objects to the recommended dismissal of claims two, eighteen, fifteen and nineteen as procedurally defaulted. Petitioner argues that he preserved these claims for review by raising them in the Ohio Supreme Court and in state post conviction proceedings. Alternatively, Petitioner raises the ineffective assistance of appellate counsel as cause for any

procedural default. According to the Petitioner, the application of res judicata should not serve to bar claims of prosecutorial misconduct based on the alleged misrepresentation or introduction of false evidence. (*Objection*, ECF No. 35, PAGEID # 3513.) Petitioner again asserts that his trial attorney performed in a constitutionally ineffective manner by failing to object to various instances of prosecutorial misconduct. (PAGEID # 3515.) Additionally, he again argues that his attorney's failure to file a timely appeal in the underlying criminal Case No. 13CR-4174 establishes cause for his untimely post conviction petition. (PAGEID # 3575-76.) Petitioner insists that he raised the same issues of ineffective assistance of appellate counsel in Rule 26(B) proceedings that he does now here. (PAGEID # 3524-25, 3527.) Petitioner objects to any factual findings indicating that he is a "dark skinned black man." (PAGEID # 3530; *Attachment B*, PAGEID # 3596.) He further disputes a finding that the record reflects evidence of the same or similar *modus operandi* used by the perpetrator in the various crimes charged. (PAGEID # 3562.) He again argues at length regarding the merits of his claims. Petitioner asserts that he is actually innocent and the victim of a manifest miscarriage of justice. (PAGEID # 3517.) In support of this claim, Petitioner refers to Google Map and cell phone evidence (*Attachment A*, PAGEID # 3589-95), the testimony of one "Rex Wolfe" at the hearing on Petitioner's motion to suppress evidence describing the perpetrator as five feet five inches tall and 150 pounds (PAGEID # 3579-85), a supplemental police report indicating that the surveillance video of the May 8, 2011, Tim Horton's robbery appeared to depict a white male suspect (*Attachment C*, PAGEID # 3598),[1] and refers to his own physical characteristics including his tattoo which, he contends, is inconsistent with witness' descriptions (PAGEID # 3583-85; *Attachments D, E I*,

---

[1] An employee from the Tim Horton's described the armed gunman as an African-American man and the surveillance video of the robbery was played for the jury. *See State v. Neil*, 10th Dist. Nos. 14AP-981, 15AP-594, 2016 WL 3574549, at *2 (Ohio Ct. App. June 30, 2016).

3

PAGEID # 3600-3609.) Petitioner again raises all of the same arguments he previously presented.

The Court has carefully reviewed the entire record including all of the lengthy arguments raised by the Petitioner. Upon so doing, and for the reasons that have already been well-detailed in the Magistrate Judge's Report and Recommendation, this Court agrees that none of Petitioner's claims provide him a basis for relief. *See* 28 U.S.C. § 2254(d). Petitioner has failed to establish cause for his procedural defaults. In regard to the untimely filing of post-conviction proceedings, the record indicates that Petitioner knew, at the latest, on June 17, 2015, when he filed a motion for a delayed appeal, that his attorney had inadvertently failed to file a notice of appeal in Case No. 13CR-4174. (*Motion for Delayed Appeal*, ECF No. 21, PAGEID # 451.) He had approximately six months, until December 1, 2015, to file a timely post-conviction petition, but waited until February 3, 2016, to do so. *See State v. Neil*, No. 18AP-609, 18AP-610, 2019 WL 2602564, at *4 (Ohio Ct. App. June 25, 2019). Petitioner has failed to establish cause for this procedural default. Further, much of the evidence Petitioner refers to in support of his claim of actual innocence was available at trial and subject to cross-examination by defense counsel. In short, Petitioner has failed to meet the high threshold required to establish that this is an extraordinary case justifying review of his procedurally defaulted claims on the basis of new evidence of actual innocence reflecting that it "is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The Court also agrees with the Magistrate Judge's analysis of Claim Nine, which concluded that counsel was not ineffective in failing to object to the fact that petitioner was not present at the pretrial hearing on the motion for joinder. The court notes that Petitioner was present when the joinder issue was again raised by

defense counsel immediately prior to the commencement of trial. *See Transcript*, ECF No. 21-5, PAGEID #1862, 1874-77.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ––U.S. ––. ––, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as procedurally defaulted or without merit. The Court therefore **DECLINES** to issue a certificate of appealability.

5

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

    **IT IS SO ORDERED**.

Date: April 27, 2020                                             ___s/James L. Graham_____
                                                                       **JAMES L. GRAHAM**
                                                                       **UNITED STATES DISTRICT JUDGE**